**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4965**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THONG HOANG,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (CR-04-196)

---

Submitted: September 21, 2005          Decided: November 2, 2005

---

Before WILLIAMS and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Lana M. Manitta, MARTIN & ARIF, Springfield, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Rebeca H. Bellows, Assistant United States Attorney, Kelli Ferry, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thong Hoang was convicted of conspiracy to distribute MDMA (Ecstasy), 21 U.S.C. § 846 (2000), and distribution of 500 grams or more of methamphetamine, 21 U.S.C. § 841(a)(1) (2000). He was sentenced to 168 months in prison.[1] Hoang appeals, raising three issues. We affirm.

I

Hoang first alleges that the district court erred when it denied his motion to suppress incriminating statements made to police officers following his arrest. Specifically, he contends that his understanding of English is so poor that he could not have knowingly waived his Miranda[2] rights. We review the district court's factual findings underlying the denial of a suppression motion for clear error and its legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir. 2005). We construe the evidence in the light most favorable to the Government, the prevailing party. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

---

[1]The jury found that the object of the conspiracy was to distribute 10,000 MDMA pills. Given this factual finding, Hoang's base offense level was 34. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2003). There were no enhancements. With a total offense level of 34 and a criminal history category of II, Hoang's guideline range was 168-210 months.

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

- 2 -

"Limited ability to understand English may render a waiver of rights defective." United States v. Guay, 108 F.3d 545, 549 (4th Cir. 1997). At the suppression hearing, Detectives Thompson and McGee, neither of whom speaks Vietnamese, testified that they had no difficulty conversing with Hoang in English and that he appeared to have no trouble understanding them. He acknowledged that he understood each Miranda right as it was read to him. Similarly, Hoang's pretrial services officer testified that Hoang easily communicated with her in English. Given this testimony, the district court's finding that Hoang was able to comprehend the Miranda warning was not clearly erroneous. Nor did the court err in finding the waiver of rights to be valid and denying the motion to suppress.

II

Hoang next contends that the evidence was insufficient to convict him of conspiracy. To determine if there is sufficient evidence to support a conviction, we consider whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). We review direct and circumstantial evidence and permit the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Witness

credibility is within the sole province of the jury. <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989).

"To prove a conspiracy under 21 U.S.C. § 846, the [G]overnment must prove (1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." <u>United States v. Strickland</u>, 245 F.3d 368, 384-85 (4th Cir. 2001); <u>United States v. Burgos</u>, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). The evidence in this case sufficiently established these elements.

Detective Thompson arranged to purchase 10,000 pills of MDMA from Tu Quoc Ho. Hoang served as an intermediary between Ho and suppliers in Philadelphia. The sale to Thompson was originally scheduled for March 30, 2004. However, Ho called Thompson to say that the pills would not arrive on time. Thompson suggested consummating the deal the next day. When Ho called Thompson back to say that this was acceptable, Hoang came on the telephone to confirm to Thompson that the date and proposed time were agreeable. Hoang was present when Thompson, Ho, and Hien Minh Tran, another codefendant, met at a café on March 31 to discuss final details of the transaction. Tran testified that Hoang was to make five cents per pill from the transaction. These facts are sufficient to support a conspiracy conviction.

- 4 -

Finally, Hoang asks that his sentence be vacated and the matter remanded for resentencing because the district court treated the sentencing guidelines as mandatory in violation of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Because Hoang did not raise this issue below, our review is for plain error. <u>See</u> Fed. R. Crim. P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993). Although the district court committed plain error,[3] remand for resentencing is not required because "the record as a whole provides no nonspeculative basis for concluding that the treatment of the guidelines as mandatory affected the district court's selection of the sentence imposed." <u>United States v. White</u>, 405 F.3d 208, 223 (4th Cir. 2005) (internal quotation marks omitted). Thus, the error did not affect Hoang's substantial rights, and remand for resentencing is unnecessary. <u>See</u> <u>id.</u> at 224-25.

IV

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[3]We, of course, offer no criticism of the district judge, who followed the law and procedure at the time of Hoang's sentencing.